# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

**IN RE: DEBRA M. BACON**
   **Petitioner,**

          v.                       No. _____

**Honorable Lynn N. Hughes,
Judge of the United States District Court for the Southern District of Texas,**
   **Respondent,**

---

U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
Cause No. H-05-3849
*Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney, Inc.,*
*vs.*
*Debra M. Bacon*

---

## PETITION FOR WRIT OF MANDAMUS

Braden W. Sparks
BRADEN W. SPARKS, P.C.
8333 Douglas Avenue, Suite 1000
Dallas, TX 75225
214.750.3372
214.696.5971 Facsimile

ATTORNEY FOR
DEBRA M. BACON
Petitioner.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney, Inc.,
*Movant in Cause No. H-05-3849.*

Andrew Harvin, Esq.
600 Travis Street, Suite 4700
Houston, TX 77002

*Attorney for Citigroup Global Markets, Inc., f/k/a Salomon Smith Barney, Inc., in Cause No. H-05-3849.*

Debra M. Bacon,
*Respondent in Cause No. H-05-3849.*

Braden W. Sparks
Braden W. Sparks, P.C.
8333 Douglas Avenue
Suite 1000
Dallas, TX 75225

*Attorney for Debra M. Bacon in Cause No. H-05-3849.*

Honorable Lynn N. Hughes
United States District Court, Southern District of Texas
515 Rusk Avenue, Room 5300
Houston, TX 77002-2605

*District Court judge in Cause H-05-3849*

| | |
|---|---|
| Randall Bacon<br>909 Texas #1803<br>Houston, TX 77002<br><br>*Interested Person/Ex-husband of Debra M. Bacon in Cause No. H-05-3849* | Not a party to Cause No. H-05-3849, but was a party to the underlying NASD action (which was the originating action). |

/s/ Braden W. Sparks
Braden W. Sparks, Esq.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

TABLE OF CONTENTS .......................................................................................... iv

TABLE OF AUTHORITIES ..................................................................................... v

PETITION FOR WRIT OF MANDAMUS AND/OR DIRECTING TRIAL
COURT TO RENDER DECISION ........................................................................... 1

FACTS NECESSARY TO UNDERSTAND ISSUES PRESENTED ...................... 1

   ORDER AND OPINION BELOW ...................................................................... 1

STATEMENT OF FACTS ........................................................................................ 1

STATEMENT OF ISSUE PRESENTED .................................................................. 5

STATEMENT OF RELIEF SOUGHT ...................................................................... 5

STATEMENT OF THE REASON WHY WRIT SHOULD ISSUE ......................... 5

EXHIBITS ................................................................................................................. 6

PRAYER .................................................................................................................... 8

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION,
TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS ............ 9

CERTIFICATE OF SERVICE ................................................................................ 10


# TABLE OF AUTHORITIES

### CASES

*Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396 (2008). ........ 3

### STATUTES

28 U.S.C. § 1651 ........ 1
9 U.S.C. §1 ........ 3
9 U.S.C. §§10(a)(2), (3), and (4) ........ 3, 4

### RULES

Rule 21(a), F.R.A.P. ........ 1

# PETITION FOR WRIT OF MANDAMUS AND/OR DIRECTING TRIAL COURT TO RENDER DECISION

Pursuant to 28 U.S.C. § 1651, , and Rule 21(a) of the Federal Rules of Appellate Procedure, Petitioner, Debra M. Bacon ("Bacon" or "Petitioner"), Movant herein, applies for a writ of mandamus directed to the Honorable Lynn N. Hughes, Judge of the United States District Court for the Southern District of Texas ("Respondent").

## I.

## FACTS NECESSARY TO UNDERSTAND ISSUES PRESENTED

### ORDER AND OPINION BELOW

On August 2, 2007, Respondent entered an Opinion [Doc.#24, Exhibit 9] and Order [Doc.#25, Exhibit 10] vacating an arbitration award ("Award") in Petitioner's favor against Citigroup, the Real Party in Interest (herein "Citigroup" or "Real Party in Interest"). On April 3, 2009, the Fifth Circuit vacated the district court's decision and entered an Order [Doc. #37] and Judgment [Doc. #38] remanding the case to the district court for further consideration consistent with the Fifth Circuit's opinion, as discussed *infra*. To date, the district court has not ruled.

### STATEMENT OF FACTS

On March 15, 2004, Petitioner filed an arbitration action with National

Association of Securities Dealers ("NASD") alleging the loss of $218,000 in her retirement accounts due to Citigroup's mismanagement. On October 13, 2005, the NASD arbitrator entered an award in favor of Petitioner [Doc. #1-3, pp. 31-39, Exhibit 1] (the "Award").

On November 14, 2005, Citigroup filed a motion in the district court to vacate the Award. On November 30, 2005, Citigroup filed a brief in support [Doc.# 34, Exhibit 2]. On January 5, 2006, Citigroup filed a supplemental brief [Doc.# 13, Exhibit 3]. On January 10, 2006, Petitioner filed a response in opposition to Citigroup's motion, moved the district court to confirm the award, and filed a supporting memorandum [Doc.s# 14 and 16, Exhibits 4 and 5]. On January 20, 2006, Petitioner filed a response [Doc.# 17, Exhibit 6] to Citigroup's supplemental brief. On January 23, 2006, Citigroup filed a reply [Doc.# 18, Exhibit 7], and on January 24, 2006, Petitioner filed a sur-reply [Doc.# 19, Exhibit 8]. On May 25, 2006, Citigroup and Petitioner sent correspondence to the district court offering to supply additional information [Doc.s# 20 and 21]. On August 1, 2006, Citigroup filed an additional supplemental response in support of its motion [Doc.# 23]. One year later, on August 2, 2007, the district court issued an order and memorandum opinion vacating the award [Doc.s# 24 and # 25, Exhibits 9 and 10].

The district court's sole basis for vacating the award was "manifest disregard

of the law." This fact is important because no statutory grounds for vacatur were asserted by Citigroup under §10 of the Federal Arbitration Act, 9 U.S.C., §1, et seq., ("FAA") in its original motion for remand. [Doc. #1, p.2]. On August 31, 2007, Petitioner filed notice of appeal in the Fifth Circuit [Doc. #26]. On April 3, 2009, the Fifth Circuit entered an order vacating the district court's order [Doc. #37, Exhibit 11] and Judgment [Doc. #38, Exhibit 12]. In its opinion, the Fifth Circuit held that "manifest disregard of the law" was not a valid basis for vacatur because the only grounds that may be asserted to vacate an arbitration award under the FAA are those set in §10 of the Act. 562 F.3d 349, citing *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008). The Fifth Circuit's order remanding the case to the district court, which had issued its opinion before *Hall Street,* stated in pertinent part as follows:

> The [district] court, however, did not consider whether the grounds asserted for vacating the award might support vacatur under any of the statutory grounds. Accordingly, we REMAND for further consideration not inconsistent with this opinion. The judgment of the district court is VACATED and the case REMANDED.

(Exhibit 38, p.17).

Following remand, on April 9, 2009, Citigroup sought leave to amend in order to assert three (3) statutory defenses that had not been asserted in its original motion to vacate [Doc. #39]. On April 22, 2009, Petitioner filed a response objecting to Citigroup's motion to amend on the basis that all of the newly asserted

3

defenses were available when the original motion to vacate was filed [Doc. #43]. On May 22, 2009, Citigroup filed an amended brief, arguing that the new defenses should be allowed because the phrase, "manifest disregard of the law," is merely a "label" for the statutory defenses set out in §10 of the FAA [Doc. #45, Exhibit 13, p.3].[1] On July 2, 2009, Petitioner filed a response, again arguing that each of the newly asserted statutory defenses were available at the time of the initial motion to vacate and could not be raised for the first time after remand. [Doc.s #55, Exhibit 14]. On July 17, 2009, Citigroup filed a reply [Doc. #58, Exhibit 15], to which Petitioner filed a sur-reply on July 21, 2009 [Doc. #59, Exhibit 16].

On October 5, 2009, Petitioner filed a corrected amended sur-reply and supporting appendix [Doc. #67 and 68, Exhibits 17 and 18]. On October 9, 2009, Citigroup filed a response [Doc.# 69, Exhibit 19]. One year later, on October 29, 2010, without a hearing, the district court granted Citigroup's motion for leave to file its amended motion asserting statutory defenses [Doc. #81, Exhibit 20].

On three occasions -- February 22, 2011 [Doc.#83, Exhibit 22], August 12, 2011 [Doc. #84, Exhibit 23], and finally on March 14, 2013 [Doc. #87, Exhibit 24] -- Petitioner wrote the district court and requested that the court enter a dispositive ruling on Citigroup's amended motion to vacate. To date, the district court has not

---

[1] The defenses Citigroup was attempting to include in its amended motion to vacate included "evident partiality", misconduct, and that the arbitrators exceed their powers under §§10(b)(2), (3), and (4). *Id.*

4

ruled.

## STATEMENT OF ISSUE PRESENTED

The issue presented herein is as follows:

1. Despite longstanding ripeness for adjudication, the district court has not yet ruled on Citigroup's amended motion to vacate.

## STATEMENT OF RELIEF SOUGHT

The relief sought by Petitioner herein is as follows:

1. Order the district court to rule on Citigroup's amended motion for vacatur.

2. Alternatively, since each of the statutory grounds for vacatur asserted by Citigroup in its amended motion for vacatur were available when it filed its original (2005) motion to vacate, Petitioner prays that this court order the district court to deny Citigroup's amended motion and render judgment in favor of Petitioner.

## STATEMENT OF THE REASON WHY WRIT SHOULD ISSUE

The reason the writ requested herein should issue is as follows:

1. The district court's failure and/or refusal to rule on Citigroup's amended motion is depriving Petitioner of substantial justice. Petitioner, who is 58 years of age, needs to have this issue resolved as to the $218,000 previously held in her retirement accounts so that she

5

can plan accordingly.

## EXHIBITS

Attached hereto as exhibits and incorporated by reference herein are Exhibits "1" through "24," as follows:

| Exhibit No. | Date of Exhibit | Description/Title of Exhibit |
|---|---|---|
| 1 | 2005/10/13 | NASD Award in favor of Petitioner [Doc. #1-3, pp. 31-39] |
| 2 | 2005/11/30 | Brief in support of Motion to Vacate Arbitration Award plus exhibits [Doc.# 34]. |
| 3 | 2006/01/05 | Citigroup's Supplemental Brief in Support of its Motion to Vacate Arbitration Award [Doc.# 13]. |
| 4 | 2006/01/10 | Petitioner's Opposition to Citigroup's Motion to Vacate Arbitration Award and Motion to Confirm Arbitration Award [Doc.# 14]. |
| 5 | 2006/01/10 | Petitioner's Memorandum of Law Supporting Motion to Confirm Arbitration Award [Doc.#16]. |
| 6 | 2006/01/20 | Petitioner's Response to Citigroup's Supplemental Brief in Support of its Motion to Vacate Arbitration Award and Supplement to Motion to Confirm Arbitration Award [Doc.# 17]. |
| 7 | 2006/01/23 | Citigroup's Reply to Response to Brief in Support of its Motion to Vacate Arbitration Award [Doc.# 18]. |
| 8 | 2006/01/24 | Petitioner's Response to Citigroup's Reply to Response to Brief in Support of its Motion to Vacate Arbitration Award [Doc.# 19]. |
| 9 | 2007/08/02 | Opinion on Arbitration Award by district court vacating Award [Doc#24]. |

| 10 | 2007/08/02 | Order [Doc.# 25] |
|----|------------|------------------|
| 11 | 2009/04/03 | Order of the Fifth Circuit vacating the district court's order to vacate and remanding for further proceedings [Doc.# 37]. |
| 12 | 2009/04/03 | Judgment of the Fifth Circuit vacating the district court's order to vacate and remanding for further proceedings [Doc.# 38]. |
| 13 | 2009/05/22 | Citigroup's Amended Brief in Support of Motion to Vacate Award [Doc.# 45]. |
| 14 | 2009/07/02 | Petitioner's Brief in Opposition to Citigroup's Brief in Support of its Motion to Vacate Award [Doc.# 55]. |
| 15 | 2009/07/17 | Citigroup's Reply to Petitioner's Brief in Opposition to its Amended Motion to Vacate Award [Doc.# 58]. |
| 16 | 2009/07/21 | Petitioner's Brief in Opposition/Surreply to Citigroup's Reply to Petitioner's Brief in Opposition to its Amended Motion to Vacate Award [Doc.# 59]. |
| 17 | 2009/10/05 | Petitioner's Corrected Amended Surreply to Citigroup's Motion to Vacate Award [Doc.# 67]. |
| 18 | 2009/10/05 | Appendix Supporting Petitioner's Corrected Amended Surreply to Citigroup's Motion to Vacate Award [Doc.# 68] |
| 19 | 2009/10/09 | Citigroup's Response to Petitioner's Corrected Amended Surreply to Citigroup's Motion to Vacate Award [Doc. 69]. |
| 20 | 2010/10/29 | Order granting Citigroup's Motion to Amend [Doc.# 81] |
| 21 | 2010/10/29 | Citigroup's Amended Motion to Vacate Award [Doc.# 82]. |

| 22 | 2011/02/22 | Letter to district court from Petitioner's counsel (requesting ruling) [Doc. #83]. |
| 23 | 2011/08/12 | Letter to district court from Petitioner's counsel (requesting ruling) [Doc. #84]. |
| 24 | 2013/03/14 | Letter to district court from Petitioner's counsel (requesting ruling) [Doc. #87]. |

## **PRAYER**

Petitioner respectfully prays that the Fifth Circuit issue a writ of mandamus directing Respondent, the Honorable Lynn N. Hughes, Judge of the United States District Court for the Southern District of Texas, to rule on the Amended Motion to Vacate filed by Citigroup on October 29, 2010 or, in the alternative, render judgment in favor of Petitioner.

Dated: May ____, 2013.

Respectfully submitted,

/s/ Braden W. Sparks
_____
Braden W. Sparks
BRADEN W. SPARKS, P.C.
State Bar No. 18874500
8333 Douglas Avenue
Suite 1000
Dallas, TX 75225
214.750.3372
214.696.5971 Facsimile

<div style="text-align: center;">ATTORNEY FOR DEBRA M. BACON</div>

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(A) because this brief does not exceed 30 pages.

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2007 in Times New Roman 14 pt.

_____
Braden W. Sparks, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of May, 2013, I mailed a copy to the individuals listed below at the address, indicated via U.S. Postal Service.

JUDGE IN TRIAL COURT CASE:

    Honorable Lynn N. Hughes
    United States District Court, Southern District of Texas
    515 Rusk Avenue, Room 5300
    Houston, TX 77002-2605

INTERESTED PARTY:

    Randall Bacon
    909 Texas #1803
    Houston, TX 77002
    Via randallbacon@yahoo.com

ATTORNEY FOR CITIGROUP GLOBAL MARKETS, INC. f/k/a SOLOMON SMITH BARNEY, INC.:

    Andrew Harvin, Esq.
    600 Travis Street, Suite 4700
    Houston, TX 77002
    aharvin@drhrlaw.com

_____
Braden W. Sparks, Esq.